IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2003

## STATE OF TENNESSEE v. JEREMIAH WISEMAN

**Appeal from the Criminal Court for Shelby County**
**No. 01-01069      Joseph B. Dailey, Judge**

_____

**No. W2002-01674-CCA-R3-CD - Filed May 23, 2003**

_____

The Appellant, Jeremiah Wiseman, pled guilty to carjacking, a class B felony, and was sentenced as a mitigated offender to the Department of Correction for a term of 7.2 years. On appeal, the Appellant argues that the trial court erred by denying him a probated sentence. Finding no error in the record, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Jake Erwin, Memphis, Tennessee, for the Appellant, Jeremiah Wiseman.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Hagerman, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On October 9, 2000, the Appellant, then seventeen years old, opened the victim's car door, placed a gun to the victim's chest, and demanded his car keys. The Appellant then entered the victim's 1986 Maxima and, as he drove away, "fired a gunshot out the door." The Appellant was arrested the following day. Under the terms of the plea agreement, the Appellant pled guilty to carjacking and received a sentence of 7.2 years as a mitigated offender. The manner and service of the sentence was submitted to the trial court. Following a sentencing hearing, the trial court ordered the sentence be served in confinement. In its sentencing determination, the trial court reasoned that carjacking, which constitutes theft of a vehicle by use of a weapon, is tantamount to aggravated robbery. The trial court further reasoned that, because a defendant who is convicted of aggravated

robbery is statutorily ineligible for probation, the Appellant, who was convicted of carjacking was likewise ineligible. Tenn. Code Ann. § 40-35-303(a). The Appellant appealed this ruling, and a panel of this court held that a defendant convicted of carjacking who receives a sentence of eight years or less is eligible for probation. *State v. Jeremiah Wiseman*, No. W2001-02009-CCA-R3-CD (Tenn. Crim. App. at Jackson, Apr. 12, 2000). Following remand, a second sentencing hearing was held, and the trial court again denied the Appellant's request for probation. This appeal followed.

## Analysis

When an accused challenges the length, range, or manner of sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

When conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statements that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 ; *Ashby*, 823 S.W.2d at 168. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000).

Because the Appellant was convicted as a mitigated offender of a class B felony, he is not entitled to the presumption in favor of an alternative sentence. Tenn. Code Ann. § 40-35-102(6). However, with certain statutory exceptions not applicable here, probation must be considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(b). "Although probation 'must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law.'" *State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997) (quoting Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments). In determining whether to grant or deny probation, the trial court must consider the circumstances of the offense; the defendant's criminal record, background, and social history; the defendant's physical and mental health; the deterrent effect on other criminal activity; and the likelihood that probation is in the best interests of both the public and the defendant. *State v. Parker*, 932 S.W.2d 945, 959 (Tenn. Crim. App. 1996). The defendant has the burden of establishing suitability for probation. Tenn. Code Ann. § 40-35-303(b); *Ashby*, 823 S.W.2d at 169. Our supreme court encourages the grant of considerable discretionary authority to our trial courts in matters such as these. *Ashby*, 823 S.W.2d at 171. "It is not the policy or purpose of this court to

place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." *Id*.

Initially we note that our review is handicapped by the lack of a complete record. No testimony was presented at the second sentencing hearing; rather, the trial court relied upon the pre-sentence report and the testimony presented during the first hearing. The transcript of the original sentencing hearing was not included for our review. It is the Appellant's duty to prepare a record which conveys a complete account of what transpired in the lower court with respect to the issue presented on appeal and failure to do so may result in waiver of that issue. *See* Tenn. R. App. P. 24(b).

The Appellant's argument for sentencing error is two-fold: (1) the trial court remains "improperly influenced" by its prior ruling that carjacking is equivalent to aggravated robbery and, thus, not eligible for probation, and (2) the trial court "denied probation based upon the occurrence of the offense alone." We find both arguments misplaced. First, the trial court acknowledged this court's opinion observing, "that's the law [and] I'm going to follow the law." Second, the Appellant, relying upon *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995), argues that the trial court may not deny an alternative sentence based solely upon the nature and circumstances of the offense unless those circumstances are especially violent, horrifying, shocking, reprehensible, offensive, or exaggerated. The Appellant misreads *Bingham,* which specifically holds that denial of probation, which occurred in this case, may be based solely on the circumstance of the offense. *Id.* Irrespective of these arguments, we find that the trial court's denial of probation was based upon applicable principles of sentencing.

While the trial court did find that carjacking, accomplished with a weapon, was a very serious offense, the trial court also weighed other factors in making the determination that the Appellant was not an appropriate candidate for probation. The trial court considered the Appellant's pre-sentence report, which contained several juvenile adjudications, one of which was possession of marijuana with intent to deliver. The trial court found that, although the Appellant gave the impression he could abide by the rules of probation, previous counseling and probation for juvenile adjudications had been unsuccessful, indicating a poor potential for rehabilitation absent some incarceration. "The potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of term to be imposed." *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994); *see also* Tenn. Code Ann. § 40-35-103(5). Additionally, the court noted the Appellant's continued drug usage within weeks of the first sentencing hearing. Finally, the trial court concluded that some incarceration was necessary to protect the interest of society and provide an effective deterrent to others likely to commit similar offenses. The record demonstrates that the Appellant has failed to carry his burden of establishing the impropriety of his sentence.

**CONCLUSION**

Based upon the foregoing reasons, we find no error in the trial court's sentencing decision. The judgment of the Shelby County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE